UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-548-H

TOOLSHED MUSIC, et al.                                                                         PLAINTIFFS

v.

OLDE PHOENIX HILL TAVERN &
PACKAGE LIQUORS, INC. and BEN
ROGERS, JR.                                                                                           DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

In this copyright action, Plaintiffs are members of the American Society of Composers, Authors and Publishers ("ASCAP") and own the copyright for two popular songs allegedly performed at the Olde Phoenix Hill Tavern, an entertainment establishment owned and controlled by Defendants, without a license or permission from Plaintiffs or ASCAP. Plaintiffs seek damages for the alleged copyright infringements, an injunction prohibiting Defendants from allowing future public performances of Plaintiffs' musical compositions, and attorney's fees and costs. Now before the Court is Plaintiffs' motion for partial summary judgment on the issues of Defendants' liability, injunctive relief, and an award of attorney's fees and costs.

I.

Until October 15, 2006, Defendants held a license to perform all of the songs in the ASCAP repertory. However, ASCAP terminated the license on that date for failure to pay the requisite licensing fees from July 2005 through October 2006. ASCAP offered to reinstate the license if Defendants would pay the fees already owed, but did not receive a response. ASCAP also warned Defendants of their duty to refrain from performing any of the copyrighted works in

the ASCAP repertory.

Having received no response from Defendants for months, ASCAP engaged an independent investigator, Kecia Burcham ("Burcham"), to visit the Olde Phoenix Hill Tavern and document the music being performed. Burcham, a public school guidance counselor, has performed scores of similar investigations for ASCAP since 1992. Burcham visits an establishment and keeps a log of all songs performed; if she does not recognize a song she logs it as "unrecognized." Burcham visited the Olde Phoenix Hill Tavern on August 24, 2007. Among the songs she documented were performed that evening were two songs in the ASCAP repertory for which Plaintiffs own the copyright: "Sober" and the "Drift and Die." A live band performed the former at 9:41 p.m. and the latter was performed on a karaoke machine around 12:30 a.m., according to Burcham's notes and report to ASCAP.

After receiving Burcham's report, ASCAP again contacted Defendants seeking payment of past-due licensing fees and an additional sum to release potential copyright infringement claims. Defendants refused this offer, leading Plaintiffs eventually to file this lawsuit.

II.

The Court may enter summary judgment where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those "that might affect the outcome of the suit" and a genuine dispute about such a fact exists only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith*

*Radio Corp.,* 475 U.S. 574, 587 (1986). However, the non-moving party must proffer affirmative evidence to defeat a properly-supported summary judgment motion, rather than merely hope the Court will disbelieve the movant's evidence. *See Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1389 (6th Cir. 1993).

### III.

To win summary judgment on their copyright claims, Plaintiffs must demonstrate there is no genuine issue as to the following elements: (1) the originality and authorship of the musical compositions; (2) a valid copyright that complied with the formalities of Title 17 of the United States Code; (3) Plaintiffs are the owners of the copyrights of the compositions at issue; (4) the compositions were publicly performed; and (5) Defendants did not receive permission from Plaintiffs for such performances. *Jobete Music Co. v. Johnson Commc'ns, Inc.*, 285 F. Supp. 2d 1077, 1082 (S.D. Ohio 2003); *Stygian Songs v. Johnson*, 776 F. Supp. 2d 233, 237 (N.D. Tex. 2011). Defendants assert a genuine issue of material fact exists only as to the public performance element of Plaintiffs' claims. Given that the record appears conclusive as to the other elements, the Court need only address the issue of public performance.

Defendants argue a genuine issue of material fact exists because Plaintiffs' only evidence of public performance, Burcham's report, is unreliable. They assert that "Burcham is no[t] an expert and has no training in popular music or its identification," she failed to identify much of the music played that evening, she could not remember who accompanied her to Olde Phoenix Hill Tavern that evening, and that a live band could not have played the song "Sober" at the time Burcham noted in her report. They also argue Burcham's report is "uncertified" and is "not an affidavit or a sworn document."

3

The issues Defendants raise do not create a genuine issue as to whether Plaintiffs' copyright-protected compositions were performed at Olde Phoenix Hill Tavern on the evening of August 24, 2007. First, Burcham is a fact witness testifying as to what she saw and heard first-hand. She is not giving expert testimony. Second, Burcham's identifying a limited portion of songs performed that night is wholly consistent with her testimony that she only logged songs she was sure she recognized – otherwise, she recorded song performances as "unrecognized." Third, Burcham's ability to remember who accompanied her that night has little bearing on the reliability of the log she created during the performances. Fourth, Defendants' claim that no live music is ever performed before 10:00 p.m. is suspect[1] and Defendants offer no specific evidence the band Blowfly was not playing music at the time Burcham indicated. Defendant Ben Rogers' statement that the typical live cover band does not begin performing until 10:00 p.m. does not render Burcham's account unreliable.

Finally, Defendants' argument that Burcham's report is "uncertified" and is not a sworn document does not preclude summary judgment. As noted above, Burcham is not an expert witness and her testimony required no special "certification." Although the notes and report Burcham created and sent to ASCAP have not been included in a sworn affidavit, Burcham verified their contents while under oath in her deposition.

Defendants contend "an affidavit or contemporaneously sworn certification" is necessary to demonstrate the public performance element, but the cited authority do not stand for that proposition. The mere fact these cases included affidavits does not mean affidavits are the only

---

[1] After Plaintiffs noted that the Olde Phoenix Hill Tavern performance schedule for the week in question included concerts beginning at 8:00 p.m., Defendants clarified that "most of the live music provided by Phoenix Hill Tavern is provided by local cover bands for which there is a general cover charge" and that "the typical live music subject to cover charge is not played . . . prior to 10:00 p.m."

means by which plaintiffs may introduce evidence of public performance. What is more telling from these cases is the defendants, like Defendants in this case, provided no contradictory evidence as to public performance. *See, e.g. Jobete Music*, 285 F. Supp. 2d at 1083 (finding plaintiffs established public performance where defendants provided no contradictory evidence); *E. Beats Music v. Andrews*, 433 F. Supp. 2d 1322, 1326 (M.D. Ga. 2006) (same). Defendants can point to no testimony or other evidence in the record that "Sober" and "Drift and Die" were not preformed as Plaintiffs' evidence suggests. The Court finds there are no genuine issues of material fact and Plaintiffs are entitled to judgment as a matter of law on their two claims for copyright infringement.

## IV.

Injunctive relief may be an appropriate remedy for a Copyright Act violation "on such terms as [courts] may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). The Court applies the "well-established principles of equity" requiring a plaintiff to demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). An injunction may issue without an evidentiary hearing where there are no triable issues of fact. *Jobete Music*, 285 F. Supp. 2d at 1092 (*citing U.S. v. Miami Univ.*, 294 F.3d 797, 815 (6th Cir. 2002)).

The undisputed facts in this matter present a strong case for granting the permanent injunction Plaintiffs seek. Courts regularly grant injunctions where a threat of continued

copyright infringement exists, indicating the injury is both irreparable and not remediable by damages alone. *See id.*; *Gnat Booty Music v. Creative Catering of Wadhams, LLC*, 761 F.Supp.2d 604, 609 (E.D. Mich. 2011); *see also Orth-O-Vision, Inc. v. Home Box Office*, 474 F. Supp. 672, 686 (S.D.N.Y. 1979) (court enjoined use of current and future copyrighted works based on party's history of infringement and threat of future infringement).

Here, the record evidence shows Defendants knew a license was necessary to perform copyright-protected works, yet allowed such performances without a license. Although Defendants now express a desire to pay ASCAP for a license going forward, their history of knowingly performing protected works without a license satisfies the Court that the likelihood of future infringement is substantial absent judicial intervention. Likewise, Defendants raise no hardship they will suffer from an injunction prohibiting performance of copyrighted material nor a legitimate public interest in unlicensed performances. The Court will order the injunction.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiffs' motion for partial summary judgment on the issue of Defendants' liability is SUSTAINED.

IT IS FURTHER ORDERED that Defendants are enjoined permanently from publicly performing musical compositions for which Plaintiffs hold copyrights, or permitting such performance in any premises under their control, unless granted a license.

IT IS FURTHER ORDERED that the Court will set a conference to discuss the issues of damages and whether an award of costs or attorney's fees is warranted.

cc:     Counsel of Record